FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 FEB 19 PM 12: 01

OFFICE OF THE CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

RENE ARTAL GONZALEZ,                          )

                                              )

    Petitioner,                              )

                                              )

v.                         Civil Action No. __8:26CV71__

                                              )

WARDEN, NDCS WORK ETHIC CAMP,                 )

and                                           )

U.S. DEPARTMENT OF HOMELAND SECURITY,         )

                                              )

    Respondents.                             )


PETITION FOR WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C. § 2241

RECEIVED
FEB 19 2026
U.S. DISTRICT COURT

**I. INTRODUCTION**

**II. JURISDICTION AND VENUE**

**III. PARTIES**

**IV. CUSTODY STATUS**

**V. FACTUAL BACKGROUND**

**VI. LEGAL STANDARD**

**VII. ARGUMENT**

**VIII. RELIEF REQUESTED**

**IX. VERIFICATION**

**I. INTRODUCTION**

Petitioner Rene Artal Gonzalez respectfully submits this Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 to challenge his continued and prolonged detention by U.S.

Immigration and Customs Enforcement ("ICE") following the issuance of a final order of removal.

Petitioner has been detained for well over six months following the final order of removal, and there is no significant likelihood that he will be removed in the reasonably foreseeable future. His continued detention therefore violates the Due Process Clause of the Fifth Amendment and governing Supreme Court precedent.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because Petitioner is in federal custody within the District of Nebraska.

Venue is proper in this district because Petitioner is currently detained at the NDCS Work Ethic Camp, which is located within this judicial district, and his immediate custodian is subject to the jurisdiction of this Court.

## III. PARTIES

Petitioner Rene Artal Gonzalez is a native and citizen of Cuba who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the NDCS Work Ethic Camp in the District of Nebraska.

Respondent Warden of the NDCS Work Ethic Camp is Petitioner's immediate custodian and is responsible for Petitioner's physical detention.

Respondent U.S. Department of Homeland Security, through its component agency ICE, is responsible for enforcing the immigration laws of the United States and for Petitioner's continued detention.

## IV. CUSTODY STATUS

Petitioner is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") and has been continuously detained since June 6, 2025.

Petitioner was initially detained at the Phelps County Jail in Nebraska from June 6, 2025, until November 19, 2025. He was thereafter transferred to the NDCS Work Ethic Camp, where he remains detained to date.

A final order of removal was issued against Petitioner on October 27, 2025. Despite the issuance of a final order and the passage of more than six months since that date, ICE has been unable to effectuate Petitioner's removal.

Petitioner remains detained without a definite removal date and without a meaningful prospect of release.

## V. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who has resided in the United States for many years and has significant family ties within the country.

Petitioner was taken into immigration custody on June 6, 2025. Following his detention, he was held at the Phelps County Jail in Nebraska until November 19, 2025, when he was transferred to the NDCS Work Ethic Camp, where he remains detained.

On October 27, 2025, an immigration judge issued a final order of removal against Petitioner. Following the issuance of the final order, Petitioner entered the statutory removal period. Despite the passage of this period, ICE has been unable to carry out Petitioner's removal.

Petitioner does not possess a Cuban passport or any other travel document. Cuban authorities have not issued documentation permitting his return, and no third country has agreed to accept him. As a result, there is no clear or foreseeable timeline for Petitioner's removal from the United States.

ICE has acknowledged that Petitioner's continued detention is related to the lack of travel documents necessary to effectuate removal. Petitioner has remained in custody despite his cooperation with removal efforts and his inability to obtain documents that are outside of

his control.

Since his detention, Petitioner's physical health has significantly deteriorated. He has been prescribed medication while in custody; however, he continues to require additional medical treatment that has not been adequately addressed during his prolonged detention.

Petitioner also has strong family ties in the United States. He is married, and he is the father of minor children who rely on him for emotional and familial support. His continued detention has caused severe hardship to his family.

## VI. LEGAL STANDARD

Federal courts have authority under 28 U.S.C. § 2241 to review the legality of immigration detention. While the government has the authority to detain noncitizens during removal proceedings and for a limited period following a final order of removal, that authority is not unlimited.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the United States Supreme Court held that immigration detention following a final order of removal is presumptively reasonable for a period of six months. After this six-month period, if a noncitizen can demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, continued detention violates the Due Process Clause of the Fifth Amendment.

Once the noncitizen makes such a showing, the burden shifts to the government to rebut

that showing by presenting evidence that removal is significantly likely in the reasonably

foreseeable future. Absent such evidence, continued detention is unlawful.

## VII. ARGUMENT

A. Petitioner's Continued Detention Exceeds the Presumptively Reasonable Period

Petitioner has been detained for more than six months following the issuance of a final

order of removal on October 27, 2025. Under Zadvydas v. Davis, such detention is

presumptively unreasonable once it exceeds six months.

Petitioner's detention has now far surpassed this presumptive period, triggering

constitutional due process concerns and entitling him to habeas review under 28 U.S.C.

§ 2241.

B. There Is No Significant Likelihood of Removal in the Reasonably Foreseeable Future

There is no significant likelihood that Petitioner will be removed in the reasonably

foreseeable future. Petitioner does not possess a Cuban passport or any other travel

document, and ICE has been unable to obtain documentation necessary to effectuate his

removal.

Petitioner's removal is therefore speculative and dependent on factors outside of his control, including the willingness of Cuban authorities to issue travel documents. In the absence of such documentation, removal cannot be effectuated within a foreseeable timeframe.

Because ICE cannot demonstrate that removal is significantly likely in the reasonably foreseeable future, continued detention is unlawful under Zadvydas.

C. Continued Detention Raises Serious Humanitarian and Due Process Concerns

Petitioner's prolonged detention has caused significant hardship and raises serious humanitarian concerns. Since being detained, Petitioner's physical health has deteriorated, and he continues to require medical care that has not been adequately addressed while in custody.

Additionally, Petitioner has strong family ties in the United States, including his spouse and minor children, who have suffered severe emotional and financial hardship due to his continued detention.

Prolonged detention under these circumstances serves no legitimate government purpose and violates fundamental principles of due process.

**VIII. RELIEF REQUESTED**

WHEREFORE, Petitioner respectfully requests that this Court:

A. Grant this Petition for Writ of Habeas Corpus;

B. Order Petitioner's immediate release from ICE custody, or in the alternative, order his release under appropriate conditions of supervision;

C. Grant any other relief this Court deems just and proper.

IX. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this ⎯17⎯ day of February , 2026.

Rene Artal Gonzalez

Petitioner

PRESS FIRMLY TO SEAL

 

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE.**    Retail

**P**  US POSTAGE PAID
**$11.95**
Origin: 68803
02/17/26
3037350802-28

PRIORITY MAIL®

0 Lb 2.90 Oz

RDC 03

EXPECTED DELIVERY DAY: 02/20/26

C016

SHIP
TO:
STE 1152
111 S 18TH PLZ
OMAHA NE 68102-1322



USPS TRACKING® #



9505 5114 7417 6048 2332 38

FLAT R
ONE RATE

TRACK

PS000    OD: 12 1/2 x 9 1/2







FROM:
Andrea Gomez
201 E Koenig St
Grand Island NE 68801

RECEIVED
FEB 19 2026
CLERK
U.S. DISTRICT COURT

TO:
Roman L. Hruska
Federal Courthouse
111 South 18th Plaza
Suite 1152 Omaha
NE 68102

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.